**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **PAICE LLC,**<br><br>　　　　**Plaintiff and Counter-Defendant**<br><br>vs.<br><br>**TOYOTA MOTOR CORP., et al.**<br><br>　　　　**Defendants and Counter-Plaintiffs.** | **NO. 2-04CV-211 DF**<br>**Judge David Folsom** |

**TOYOTA'S PROPOSED LIMITING INSTRUCTION ON THE DOCTRINE OF EQUIVALENTS**

Toyota respectfully submits this limiting instruction to instruct the jury about the proper use of Plaintiff's evidence related to the doctrine of equivalents.

**LIMITATIONS ON THE DOCTRINE OF EQUIVALENTS[1]**

You may not find that a component in Toyota's accused vehicles is equivalent to an element of an asserted claim if by doing so you would extend the coverage of the patent to include inventions that were already in the prior art.

A limitation on the doctrine of equivalents occurs when the patent specification disclaims or disavows a particular structure or step from being used in the claimed invention. When this occurs, the disclaimed or disavowed structure cannot be found to be equivalent to any element recited in the claims. In this case, this limitation applies as follows:

---

[1] This instruction includes portions of AIPLA Model Patent Jury Instructions, Claim Construction and Infringement No. 14, "Limitations on the Doctrine of Equivalents" that address allegations pertinent to the issues in this case that are not covered by the FCBA instructions, as well as a statement directed to the language of the Federal Circuit's holding in *SciMed Life Systems, Inc. v. Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337, 1345-46 (Fed. Cir. 2001).

(1)  You may not find that the combination of two motor/generators and a planetary gear unit, as disclosed in the Berman/TRW patents (U.S. Pat. Nos. 3,556,717 and 3,732,751) is equivalent to the claimed "controllable torque transfer unit" of the asserted claims of the '970 patent; and

(2)  You may not find that the use of an unlockable planetary gear unit, as disclosed in the Berman/TRW patents and/or the 1997 Toyota Prius, is equivalent to the claimed "clutch" of the asserted claims of the '672 and '088 patents.

Respectfully submitted,

/s/ Jeffrey S. Gerchick

Jeffrey S. Gerchick, Esq.
George E. Badenoch, Esq.
John Flock, Esq.
Kenyon & Kenyon
One Broadway
New York, New York 10004
Phone: (212) 425-7200
Fax: (212) 425-5388

Nicholas H. Patton, Esq.
Texas Bar No.: 15631000
Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Blvd.
P.O. Box 5398
Texarkana, Texas 75503
Phone: (903) 792-7080
Fax: (903) 792-8233

Attorneys for Defendants Toyota Motor Corporation, Toyota Motor North America, Inc., and Toyota Motor Sales, U.S.A., Inc.

CERTIFICATE OF SERVICE

      I, Jeffrey S. Gerchick, hereby certify that on this 19th day of January, 2006, I did cause a true and correct copy of *Toyota's Proposed Limiting Instruction on the Doctrine of Equivalents* to be filed electronically in compliance with Local Rule CV-5(a) and served by e-mail on the following:

      Ruffin Cordell, Esq.
      Ahmed Davis, Esq.
      FISH & RICHARDSON
      1425 K Street, N.W.
      Washington, DC 20005
      Email: cordell@fr.com
      Email: Davis@fr.com

      /s/Jeffrey S. Gerchick
      Jeffrey S. Gerchick