**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

PAICE LLC,

               Plaintiff,

     v.

TOYOTA MOTOR CORPORATION, a
Japanese Corporation, TOYOTA MOTOR
NORTH AMERICA, INC., and TOYOTA
MOTOR SALES, U.S.A., INC.,

               Defendants.

Case No.:  2-04CV-211 (DF)

## PLAINTIFF PAICE LLC'S MOTION FOR ENTRY OF AN INJUNCTION

Dated: January 20, 2006

Samuel F. Baxter (Bar No. 01938000)
McKOOL SMITH P.C.
505 East Travis Street, Suite 105
Marshall, TX 75670

Ruffin B. Cordell (Bar No. 04820550)
Ahmed J. Davis
Peter J. Sawert
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, DC 20005

Robert E. Hillman
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110

Andrew D. Hirsch, Esquire
PAICE LLC
6830 Elm Street
McLean, VA 22101

Pursuant to 35 U.S.C. § 283, Plaintiff Paice LLC ("Paice") respectfully requests the immediate entry of an Order enjoining defendants Toyota Motor Corp., Toyota Motor North America, Inc., and Toyota Motor Sales, U.S.A., Inc. (collectively "Toyota") from continued infringement of United States Patent No. 5, 343,970.  Because the Toyota Defendants are now adjudged infringers of Paice's valid patent claims, this Court should follow controlling precedent and permanently enjoin Toyota from engaging in future infringing conduct by making,[1] using, offering for sale, and selling within the United States its hybrid electric vehicles.  The entry of a permanent injunction is provided within the discretion of the trial court under 35 U.S.C. § 283, and should only be denied only where "exceptional circumstances" exist.  No exceptional circumstances exist here.  Accordingly, for the reasons articulated below, Paice respectfully requests that its motion be granted and that this Court enter a permanent injunction in the form of the attached proposed order.

## ARGUMENT

### I.  The Toyota Defendants Are Adjudged Infringers of Paice's Valid Patent Rights and Should Be Enjoined Against Further Infringing Conduct

The most fundamental right of a patent-holder is the right to exclude others from practicing his invention; thus, the law has long observed that absent "exceptional circumstances" a permanent injunction should issue when infringement has been found.  35 U.S.C. § 283; *MercExchange, LLC v. eBay, Inc.*, 401 F.3d 1323 (Fed. Cir. 2005), *cert. granted*, 2005 U.S. LEXIS 8572 (U.S., Nov. 28, 2005); *see also Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*, 72 F.3d 872, 881 (Fed. Cir. 1995) (noting that "injunctions are usually granted

---

[1]      No Toyota hybrid vehicles are presently made within the United States, but Toyota has announced plans to build hybrid vehicles beginning next year at a plant in Kentucky.  *See* "Toyota to offer hybrid Camry, build it in U.S.," shown at http://msnbc.msn.com/id/7882633/ (visited December 22, 2005).

after a finding of infringement"); *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1549-50 (Fed. Cir.

1994); *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1247 (Fed. Cir. 1989) ("Infringement

having been established, it is contrary to the laws of property, of which the patent law partakes,

to deny the patentee's right to exclude others from use of his property. . . .  It is the general rule

that an injunction will issue when infringement has been adjudged, absent a sound reason for

denying it."); *W.L. Gore & Assoc., Inc. v. Garlock, Inc.,* 842 F.2d 1275, 1281-83 (Fed. Cir. 1988)

("Although the district court's grant or denial of an injunction is discretionary depending on the

facts of the case, injunctive relief against an adjudged infringer is usually granted."); *KSM*

*Fastening Sys., Inc. v. H.A. Jones Co.*, 776 F.2d 1522, 1524 (Fed. Cir. 1985) (noting that

"injunctive relief against an infringer is the norm").

      Because the principal value of a patent is its statutory right to exclude, the very nature of

the patent grant suggests that monetary damages cannot suffice to make the patentee whole for

infringement.  *See Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1557 (Fed. Cir. 1994).  It is

axiomatic, therefore, that past damages cannot fully remedy the injury an infringer inflicts on a

patentee's prospective right to exclusivity.  *See Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d

1573, 1577-78 (Fed. Cir. 1983).  As the trial court in the well-known *Polaroid* case explained:

> Since the Court of Appeals for the Federal Circuit decided *Smith International* in
> 1983, district courts have held uniformly that once a patent is judged to be valid
> and infringed, its holder is entitled to injunctive relief.  They have found money
> damages deficient against encroachments on rights of exclusivity, and they have
> judged the public interest better served by a broad policy favoring creativity than
> by narrow protection of specific consumers.

*Polaroid Corp. v. Eastman Kodak Co.*, 641 F. Supp. 828 (D. Mass. 1985), *aff'd*, 833 F.2d 930

(Fed. Cir. 1986) (affirming district court's entry of injunctive relief).

      In *MercExchange,* the district court denied a prevailing patent owner a permanent

injunction because: (1) the patent was a "business method" patent and the patent owner was not

3

practicing the invention; (2) the Court was concerned that it would have to police the injunction

if Defendants tried to design around it; and (3) the patent owner had publicly stated that it was

willing to license the patent.  *Id.* at 1338-1339.  The Federal Circuit reversed the denial of an

injunction, reaffirming the legal maxim that generally "a permanent injunction will issue once

infringement and validity have been adjudged."  401 F.3d at 1338.  In so holding, the Court

rejected each of the reasons articulated by the district court — in particular the fact that the

patent owner was not a competing manufacturer — as justifying denial of an injunction:

> Injunctions are not reserved for patentees who intend to practice their patents, as
> opposed to those who choose to license.  The statutory right to exclude is
> available to both groups, and the right to an adequate remedy to enforce that right
> should be equally available to both as well.  If the injunction gives the patentee
> additional leverage in licensing, that is a natural consequence of the right to
> exclude and not an inappropriate reward to a party that does not intend to compete
> in the marketplace with potential infringers.

*Id.* at 1339.[2]

As with most cases where infringement of a valid patent has been found, entry of

an injunction should normally follow in the public interest.  *See, Pittway v. Black &*

*Decker*, 667 F. Supp. 585, 593 (N.D. Ill. 1987) ("[P]rotecting patents from would-be

infringers is always acting in the public interest.").  Any other conclusion would be

anathema to the Constitutional and statutory protections afforded patent-holders whose

intellectual property rights have been infringed.  *See Smith Int'l, Inc. v. Hughes Tool Co.*,

718 F.2d 1573, 1577-78 (Fed. Cir. 1983) ("The grant of a patent is the grant of the right

to invoke the state's power in order to exclude others from utilizing the patentee's

discovery without his consent . . . .  Without this injunctive power of the courts, the right

---

[2]    The United States Supreme Court recently granted *certiorari* in the *MercExchange* case to
consider several aspects of injunctive relief in patent cases.  At present, the Federal Circuit's
decision remains the controlling law in this case and holds that an injunction should issue
here absent exceptional circumstances.  The current state of the law was acknowledged by
Toyota's counsel during pretrial argument.  Dec. 6, 2005 Tr. (Afternoon) at 148:15-149:18.

to exclude granted by the patent would be diminished, and the express purpose of the

Constitution and Congress, to promote the progress of the useful arts, would be seriously

undermined.  The patent owner would lack much of the 'leverage' afforded by the right

to exclude, to enjoy the full value of his invention in the market place.").

There is no question here that an injunction entered against Toyota will provide

Paice additional leverage in licensing its technology — leverage to which it is legally

entitled as the jury has found that Toyota's hybrid vehicles infringe the '970 patent, and

which is not available simply through the jury's award of damages for past infringement.

The record in this case aptly demonstrated Toyota's disregard for Paice's Patent rights;

the time has come for an injunction order requiring Toyota to recognize those rights.

## II.  No Exceptional Circumstances Exist in this Case to Withhold Entry of an Injunction.

Toyota cannot escape the reach of this Court's injunction by pleading exceptional

circumstances or compelling equities.  There are cases where the rule that injunctions should

ordinarily issue upon an infringement finding does not hold because of "exceptional

circumstances" such as public emergencies or the absence of alternatives to infringing lifesaving

therapies.  *See, e.g., Hybritech Inc. v. Abbott Labs.*, 4 U.S.P.Q. 2d 1001, 1015 (C.D. Cal. 1987)

(enjoining the defendant from selling most of the infringing products and denying the injunction

only as to infringing test kits being used by cancer patients in ongoing therapy and to hepatitis

test kits that the patentee itself was not marketing), *aff'd* 849 F.2d 1446 (Fed. Cir. 1988);

*Richardson*, 868 F.2d at 1247 (enjoining sale of child safety seats which while socially beneficial

were not unique and alternative safety devices were available.)  Uniformly in these cases, the

burden upon the infringer to show exceptional circumstances is very high.  The linchpin to the

exceptional circumstance analysis is the complete absence of acceptable alternatives to a recognized public emergency or lifesaving medical treatment. *Hybritech,* 4 U.S.P.Q. 2d 1015.

No emergency or unique lifesaving therapy exists here. The infringing products are automobiles that are sold as alternatives to hundreds of other vehicles, including other hybrids. The benefits of increased fuel economy realized by Toyota's hybrids, while desirable, cannot trump Paice's patent rights and other technologies are equally as efficient. In short, there are no exceptional circumstances in this case that counsel against entry of an injunction.

## III.      Absent Entry of an Injunction, Paice Will Likely Be Driven Out of Business

There are substantial circumstances that support entry of an injunction, even if the law did not so require. Dr. Severinsky testified at trial that Paice was being harmed by Toyota's use of its invention without payment of royalties. *See* December 7, 2005 Trial Tr. 64:16-21 ("We have the exclusive right to our technology, and we would like this right to be recognized. And if you don't enforce [the patent] against Toyota, no other automaker will buy license from us because it would be uncompetitive for them if Toyota is using it for free, then they will use it for free, too."). This "wait and see" approach of the rest of the automotive market has had devastating effects on Paice as a small company with limited resources. Dr. Severinsky also testified that Paice has been forced to lay off people and significantly curtail its research and licensing activities. Each month's expenses present a new challenge to the company and it cannot continue to operate unless Toyota's unlicensed use of its hybrid technology is stopped. In one sense, the situation is urgent — with the jury verdicts of infringement and validity in hand and yet no injunction, Paice will have no explanation to offer the rest of the market as to why Toyota is allowed to use Paice's technology for free. The promise that the legal system will soon rectify Toyota's free use will ring hollow if no injunction is entered.

6

The kind of damage suffered by Paice has long led the law to presume irreparable harm upon a finding of both patent validity and infringement. *See Richardson*, 868 F.2d at 1247; *Odetics,* 14 F. Supp. 2d at 794 (*citing Smith Int'l*, 718 F.2d at 1581). This presumption "derives in part from the finite term of the patent grant, for patent expiration is not suspended during litigation, and the passage of time can work irreparable harm." *Richardson*, 868 F.2d at 1247 (quoting *H.H. Roberston Co. v. United Steel Deck, Inc.*, 820 F.2d 384, 390 (Fed. Cir. 1987)). Toyota projects that a full 25% of its U.S. sales will be hybrid vehicles by 2010 — well before the '970 patent expires. *See* "Toyota Hybrid Push Faces Big Tests," shown at http://www.iht.com/articles/2005/09/07/business/hybrid.php (visited December 22, 2005). Because Defendants continue to infringe Paice's patents, only the entry of a permanent injunction will provide Paice with an adequate remedy. *See Odetics*, 14 F. Supp. 2d at 795 ("[Damages are] inadequate because [they do] not allow [Paice] to exercise the monopoly power granted to it by the statute; an injunction is the only remedy that can achieve that goal." (*citing Atlas Powder Co. v. Ireco Chem.*, 773 F.2d 1230, 1233 (Fed. Cir. 1985))). Absent an injunction, Paice would be forced to bring repetitive litigation to address each continuing act of infringement, the cost of which would doom Paice as a small company. This is precisely the kind of wasteful litigation that the injunction right was intended to avoid all along.

Toyota can garner little sympathy for its position. The law has long held that the infringer should not be heard to complain when its unlawful activity finds a remedy. *See, e.g., Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986) (noting that an injunction should not be denied even when the infringer is a small entity and its whole business is based on sales of the infringing product). Toyota knew of Paice's patent rights at least as early as 2001 when they were in the early stages of developing the new THS-II platform, and they

7

consciously chose to build and expand their business around the infringing hybrid platform. *See* PTX-43; PTX-44; PTX-45; PTX-46; PTX-47; PTX-48. As a result, Toyota's time, money, and effort in developing its hybrid platform is irrelevant: "[O]ne who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." *Windsurfing Int'l,* 782 F.2d at 1003 n.12.

## CONCLUSION

For the foregoing reasons, Paice respectfully requests that this Court grant its motion and enter a permanent injunction against Toyota making, using, offering for sale, and selling hybrid electric vehicles that infringe the '970 patent.

Respectfully submitted,

Dated: January 20, 2006

By: /s/ Sam Baxter
    Samuel F. Baxter (Bar No. 01938000)
    McKOOL SMITH P.C.
    505 East Travis Street, Suite 105
    Marshall, Texas 75670
    (903) 927-2111
    (903) 927-2622

    Ruffin B. Cordell (Bar No. 04820550)
    Ahmed J. Davis
    Peter J. Sawert
    FISH & RICHARDSON P.C.
    1425 K Street, N.W., 11th Floor
    Washington, DC 20005
    (202) 783-5070 (phone)
    (202) 783-2331 (facsimile)

Robert E. Hillman
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110
(617) 542-5070 (phone)
(617) 542-8906 (facsimile)

Andrew D. Hirsch, Esquire
PAICE LLC
6830 Elm Street
McLean, VA 22101
(703) 288-9471 (phone)
(703) 288-9474 (facsimile)

Attorneys for Plaintiff
PAICE LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via ECF or U.S. Mail on this 20th day of January, 2006.

/s/ Sam Baxter_____
Sam Baxter