IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PAICE LLC, | § |
| | § |
| Plaintiff, | § |
| v. | § |
| | §  CIVIL ACTION NO. 2:04-CV-211 |
| TOYOTA MOTOR CORP., et al., | § |
| | § |
| Defendants. | § |

## AMENDED FINAL JUDGMENT

Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the Court's previously-entered Final Judgment (Dkt. No. 228), the Court's Order on prejudgment interest (Dkt. No. 231), and the Court's Opinion and Order regarding the ongoing royalty rate, entered contemporaneously herewith, the Court hereby enters judgment for Plaintiff Paice LLP and against Toyota Motor Corp., *a Japanese Corporation,* Toyota Motor North America Inc., and Toyota Motor Sales USA, Inc. (collectively "Defendants") for infringement of U.S. Patent No. 5,343,970 ("the '970 Patent"), claims 11 and 39.

**IT IS THEREFORE ORDERED THAT** Plaintiff shall have and recover from Defendants, jointly and severally, the total sum of $4,269,950.00, together with prejudgment interest as stated in the Court's Order of September 5, 2006 (Dkt. No. 231), together with postjudgment interest on the entire sum calculated pursuant to 28 U.S.C. § 1961.

For the reasons stated in the Court's Opinion contemporaneously filed herewith, Defendants are hereby **ORDERED**, for the remaining life of the '970 Patent, to pay Plaintiff an ongoing royalty, as a percentage of wholesale vehicle price, of 0.48% for each Toyota Prius II, 0.32% for each Toyota

Highlander, and 0.26% for each Lexus RX400H sold after the entry of the Court's original Final Judgment—August 16, 2006. For the period of time between the jury's verdict and final judgment, the Court finds the applicable royalty is $25 per infringing vehicle sale.[1] Royalties shall be paid quarterly and shall be accompanied by an accounting of the sales of infringing vehicles. Payments shall begin three months after the date this judgment was signed and shall be made quarterly thereafter.

The first payment shall include royalties for all infringing vehicles sold to date that were not accounted for in the jury's verdict, with credit to be given in dollar amount for any post-judgment royalties already paid. Payments not made within 14 days of the due date shall accrue interest at the rate of 10%, compounded monthly. Plaintiff shall have the right to request audits. It is anticipated that the parties may wish to agree to more comprehensive or convenient terms. The parties shall promptly notify the Court of any such agreement. The Court retains jurisdiction to enforce this portion of the Final Judgment.

All relief not specifically granted herein is denied. All pending motions not previously ruled on are denied. This is a Final Judgment and is appealable.

**IT IS SO ORDERED.**
**SIGNED this 17th day of April, 2009.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

---

[1] Although the Court cannot be sure of the basis for the jury's lump-sum damages award for Toyota's past infringement, the Court finds it fair and reasonable to calculate a per-vehicle royalty rate from the jury's award and apply that royalty for the period of time between verdict and final judgment. The Court finds this approach is reasonable because the parties agree that the date of the hypothetical ongoing royalty negotiation was *after* final judgment, which was entered on August 16, 2006. *See* Dkt. No. 263, at 10-11; Dkt. No. 261, at 23. Further, post-trial motions, including Paice's motion for a permanent injunction and both parties' motions for judgment as a matter of law were pending until final judgment was entered. Thus, it would be unfair to retroactively apply the ongoing royalty prior to final judgment.